# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CHRISTOPHER TRIBULA,**

        **Plaintiff,**        **CIVIL ACTION NO.  08-CV-13300-DT**

  **VS.**        **DISTRICT JUDGE PATRICK J. DUGGAN**

**SPX CORP.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENAS

This matter comes before the Court on Plaintiff's Motion to Quash Subpoenas.  (Docket no. 11).  Defendant has responded.  (Docket no. 15).  Plaintiff filed a Reply brief.  (Docket no. 16)  The parties also filed a Statement of Resolved and Unresolved Issues.  (Docket nos. 17, 18).  This motion was referred to the undersigned for decision.  (Docket no. 12).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  Plaintiff's Motion is now ready for ruling.

### 1.     Facts and Claims

Plaintiff alleges in his Complaint that he was wrongfully terminated by Defendant in violation of the Family and Medical Leave Act (FMLA) on November 13, 2007.  (Docket no. 1).  Defendant contends that Plaintiff was terminated for failing to provide the requested medical documentation to support his continued leave request. (Docket no. 15 at 5).  By this motion Plaintiff seeks to quash 9 subpoenas served by Defendant on August 21 and 22, 2008.  Most of these subpoenas went to former employers of Plaintiff.  One subpoena went to the school that Plaintiff was attending when he was employed by Defendant.  The final subpoena went to US army TACOM

which was possibly a subsequent employer of Plaintiff.  The parties disagree on whether Plaintiff worked for this entity.  (Docket no. 17 at 2).

There are procedural irregularities on both sides of this motion.  First, Plaintiff states in the Facts section of his motion that Defendant served these subpoenas before the parties conferred for a discovery conference pursuant to Fed. R. Civ. P. 26(f).  (Docket no. 11 at 4).  Defendant does not dispute this allegation.  This is a violation of Fed. R. Civ. P. 26(d)(1) because there was no stipulation or court order allowing such premature discovery.  However, Plaintiff does not rely on this violation as an argument to quash the subpoenas.  (Docket no.11 at 4-6).  Second, Plaintiff is moving to quash these subpoenas under Fed. R. Civ. P. 26(b) because "they are not relevant and not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b)(1)."[1]  (*Id.* at 3-4).  However, Rule 26(b) does not provide any authority for the Court to quash subpoenas.  Parties generally object to or seek to quash subpoenas pursuant to either Rule 26(c) (protective orders) or Rule 45(c) (objections to and quashing or modifying subpoenas).  Defendant does not raise this irregularity as a reason to deny Plaintiff's motion, however.  (Docket no. 15).  Because the parties are not seeking relief based on either of these irregularities, the Court will consider the merits of Plaintiff's motion.

## 2.    Governing Law

Although Fed. R. Civ. P. 26(b) does not provide a basis for granting the relief sought by Plaintiff, Rule 26(c) does provide such a basis.  Rule 26(c), Fed. R. Civ. P., allows the Court to enter

---

[1] Plaintiff argues that Defendant is on a "fishing expedition."  Defendant argues that information from Plaintiff's past employers is relevant to its after-acquired evidence defense and to Plaintiff's claims for damages, the duty to mitigate, and Plaintiff's credibility on the issues of wage loss and ability to obtain and retain employment.  (Docket no. 17 at 4).

a protective order "for good cause" to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the disclosure or discovery and limiting the scope of disclosure to certain matters. A showing that the proposed discovery is irrelevant can satisfy the "good cause" requirement of Rule 26(c). *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, slip op. at *1 (S.D. Cal. May 30, 2008); *McCurdy v. Wedgewood Capital Mgmt. Co.,* 1998 WL 964185, slip op. at *8 (E.D. Pa. Nov. 16, 1998); *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994). In addition, a court may deem a motion to quash as a motion for a protective order. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429. Plaintiff's Motion to Quash will therefore be construed to be a motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

    **3.**    **Analysis**

        **a.**    **US Army TACOM**

    The parties disagree on whether Plaintiff worked for the Army Tank Command. (Docket no. 17 at 2). If Plaintiff did work for this entity it was subsequent to his employment by Defendant. (Docket no. 15 ex. 7) (Plaintiff reportedly working for the Command in April 2008 after termination by Defendant in November 2007). The parties have agreed that Defendants can subpoena the records of subsequent employers from whom Plaintiff's employment has been terminated. (Docket no. 17 at 2). Because this agreement apparently includes this entity if Plaintiff was indeed employed by it, the Court will not quash this subpoena.

3

**b.      National Personnel Records Center, ZF Sacks Automotive of America, Valeo, Inc., Continental Teves, and Total Performance**

These five entities employed Plaintiff before his employment with Defendant or, with respect to the Personnel Records Center, may have information regarding Plaintiff's military experience prior to his employment with Defendant.  Defendant generally seeks all employment records of Plaintiff from these entities.  Defendant argues that information about Plaintiff's past employment history is likely to reveal that Plaintiff was not qualified for his position with Defendant which will form the basis for its after acquired evidence defense.  (Docket no. 15 at 10).  Defendant would use this defense to reduce an award of damages.  (*Id*.).  In order to qualify under this defense, the information must be of such severity "that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."  *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995).

The records in this action show that Defendant was aware at the time it hired Plaintiff that these entities were former employers of Plaintiff or, in the case of the Army records, that the entity may possess such records.  Plaintiff's employment application (docket no. 15 ex. 6) reveals his past employment with Sacks Automotive, Valeo Inc., and Continental Teves.  Plaintiff's resume, which Defendant now admits it possessed at the time Plaintiff was hired (docket no. 18 at 1-2), reveals his past military experience in the Army from 1984 through 1987 and his Army Reserve and National Guard experience from 1987 until 1998.  (Docket no. 18 ex. 1).  Plaintiff's resume also reveals that Total Performance was a previous employer, along with Sachs Automotive, Valeo Systems, and Continental.  (*Id*.).

Defendant fails to allege any specific information which might come from these entities that could rise to the level of severity necessary for the after acquired evidence defense, except possibly

4

for Plaintiff's past military records.  Defendant argues that Plaintiff was reprimanded and jailed while working for the Army.  (Docket no. 15 at 13).  Just as for the other past employers, Defendant knew about Plaintiff's military experience before it hired Plaintiff.[2]

The Supreme Court has cautioned that discovery into past employment for the purpose of obtaining evidence to support an after acquired evidence defense is a "concern" that is "not an insubstantial one," but that the Federal Rules may be invoked to "deter most abuses."  *McKennon*, 513 U.S. at 363.  Defendant had the ability to obtain and should have evaluated any information which might  rise to the level of an after acquired evidence defense from these former employers of Plaintiff before it terminated Plaintiff's employment.  *See Miller v. AT&T*, 83 F. Supp. 2d 700, 705 (S.D.W. Va. Jan. 31, 2000) (before making decision to terminate an employee the employer should evaluate all information in its possession pertaining to the employee and should be required to make determination regarding all potentially adverse information).  Because Defendant could have earlier obtained the information it now seeks from Plaintiff's former employers, and because Defendant has cited no specific qualifying information for its defense being held by these employers, Plaintiff has shown good cause to quash the subpoenas served on ZF Sacks Automotive, Valeo, Inc., Continental Teves, and Total Performance.  Because Defendant has shown that the subpoena served on the National Personnel Records Center for Plaintiff's military records is reasonably calculated to lead to admissible evidence, the Court will not quash that subpoena.

---

[2] The issues of back pay, front pay, and mitigation of damages are much more dependent on Plaintiff's employment history after Defendant terminated him.  Defendant's attempts to discover information from Plaintiff's former employers and schools are not reasonably calculated to lead to the discovery of admissible evidence on these issues.

### c.      Northwood University

Defendant served a subpoena on Northwood University for all records on Plaintiff. (Docket no. 15 ex. 4). Plaintiff revealed that he was currently a student on his application form that he submitted to Defendant. (*Id*. ex. 6). He did not specify that he was attending Northwood University, but Defendant obviously could have obtained this information if it wished to do so. Defendant argues that these records are likely to lead to the discovery of admissible evidence because Plaintiff admitted to an evaluating physician that he was under stress trying to work and go to school at the same time. (Docket no. 17 at 7). Defendant also notes that Plaintiff took 16 weeks of vacation, sick, and FMLA leave in 2007. (*Id*.). These two factors are insufficient to establish that Plaintiff's educational records are likely to lead to admissible evidence. Therefore, Plaintiff has shown good cause to quash this subpoena.

### d.      Utica Transit Mix and Supply Co. and Adecco Employment Services

Plaintiff has not shown that he revealed these two former employers to Defendant at the time he was hired. His employment application for Defendant asked him to list his entire employment history, and he failed to do so. (Docket no. 15 ex. 6). Plaintiff's resume also failed to list these two former employers. (Docket no. 18 ex. 1). Defendant therefore cannot be blamed for not obtaining information from these employers when Defendant was considering hiring Plaintiff. Defendant argues that Plaintiff's omission of these previous employers suggests that he had a reason not to reveal them. (Docket no. 15 at 7). Plaintiff has failed to establish good cause to quash these two subpoenas.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoenas is **GRANTED** to the extent that Defendant's subpoenas served on ZF Sacks Automotive of America,

Valeo, Inc., Continental Teves, Total Performance, and Northwood University are quashed, and is

otherwise **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).

Dated: January 12, 2009              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: January 12, 2009              s/ Lisa C. Bartlett
                                     Courtroom Deputy